IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AL AND PO CORPORATION, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>AMERICAN HEALTHCARE CAPITAL, a California corporation, HEALTHCARE ADVISORY PARTNERS, INC., a California corporation, and JACK J. ESKENAZI, an individual,<br><br>    Defendants. | Case No. 14-cv-1905<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff AL And PO Corporation ("Plaintiff") brings this Class Action Complaint against Defendants American Healthcare Capital ("AHC"), Healthcare Advisory Partners, Inc. ("HCAP"), and Jack J. Eskenazi ("Eskenazi") (collectively "Defendants"), on behalf of itself and all others similarly situated, and complains and alleges upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

### I.  NATURE OF THE ACTION

1.  AHC and HCAP are corporations that offer mergers and acquisitions advisory products and services. Eskenazi is the senior vice president of AHC and the managing partner of HCAP. In an effort to market AHC's and HCAP's products and services, Defendants sent unsolicited junk faxes in bulk – fax blasts – to unwilling recipients with deficient opt-out notices. Fax advertising shifts the cost of the marketing promotion from the marketer – the sender of the

fax – to the unwilling recipient, and is expressly prohibited by the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA").

2. Neither Plaintiff nor the other Class members ever consented, authorized, desired or permitted Defendants to send them faxes.

3. In order to redress these injuries, Plaintiff seeks an injunction requiring Defendants to cease all unsolicited faxing and deficient opt-out notice activities, and an award of statutory damages to the Class members under the TCPA, together with costs and attorneys' fees.

## II. JURISDICTION AND VENUE

4. This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331, because they arise under the laws of the United States. Further, this Court has diversity jurisdiction under 28 U.S.C. § 1332(d) because (a) at least one member of the putative class is a citizen of a State different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

5. This Court has personal jurisdiction over Defendants under the Illinois long-arm statute, 735 ILCS 5/2-209, because a substantial portion of the wrongdoing alleged in this Complaint took place in or was directed toward the State of Illinois. Defendants, by sending junk faxes in bulk into this State soliciting business, have sufficient contacts in this State to render the exercise of jurisdiction by this court permissible.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

### III. PARTIES

*Plaintiff*

7. Plaintiff is a corporation organized in and existing under the laws of the State of Illinois with its principal place of business in Cook County, Illinois. For purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Illinois.

*Defendants*

8. Defendant Eskenazi is an individual domiciled in Los Angeles County, California. For purposes of 28 U.S.C. § 1332, Eskenazi is a citizen of the State of California.

9. Eskenazi is the founder and senior vice president of AHC.

10. Eskenazi is the managing partner of HCAP.

11. Defendant AHC is a corporation organized in and existing under the laws of the State of California with its principal place of business in Los Angeles County, California. In or around 2005, AHC's corporation status was suspended. For purposes of 28 U.S.C. § 1332, AHC is a citizen of the State of California.

12. Defendant HCAP is a corporation organized in and existing under the laws of the State of California with its principal place of business in Los Angeles County, California. For purposes of 28 U.S.C. § 1332, HCAP is a citizen of the State of California.

### IV. FACTUAL BACKGROUND

*Defendants' Faxes and Deficient Opt-out Notices*

13. On or about September 13, 2013, Plaintiff received the unsolicited fax advertisement attached as Exhibit A.

14. On or about December 9, 2013, Plaintiff received the unsolicited fax advertisement attached as Exhibit B. Discovery may reveal the transmission of additional faxes.

15. The faxes do not satisfy all of the opt-out notice requirements under § 227(b)(2)(D). For example, the opt-out notices state: "If you would like to be removed from our faxing, please call 1-877-234-1579."

16. The opt-out notices, however, fail to state that failure to comply with an opt-out request within the shortest reasonable time is unlawful, as required by §227(b)(2)(D)(ii).

17. The fax advertises a free valuation.

18. On information and belief, Defendants use the free valuation as pretext to sell their products and services.

*Defendants' Business Model*

19. The faxes attached as Exhibits A-B direct the recipient to contact AHC.

20. According to the California Secretary of State, however, AHC was suspended in or around 2005.

21. On information and belief, Eskenazi operated under the assumed name American Healthcare Capital. (*See* Opinion from the Court of Appeals of Iowa (a true and correct copy of the Opinion is attached as Exhibit C).) Therefore, Eskenazi is personally liable.

22. According to his LinkedIn webpage, Eskenazi *currently* describes himself as the founder and senior vice president of AHC.

23. Eskenazi is also the managing partner of HCAP.

24. Both AHC and HCAP are mergers and acquisitions advisory firms.

25. Accordingly, on information and belief, Eskenazi utilizes AHC – even though it is suspended – to solicit business for HCAP by sending unsolicited fax advertisements, such as the faxes attached as Exhibits A-B.

26. On information and belief, Eskenazi personally approved, authorized, and participated in the transmission of the faxes by:

    a. ordering a list of potential customers' fax numbers to be purchased or compiled;

    b. instructing or overseeing AHC and HCAP employees or third parties who sent the faxes; and

    c. developing or approving AHC's and HCAP's fax marketing campaign.

27. Accordingly, Eskenazi is personally liable under 47 U.S.C. § 217 for AHC's and HCAP's violations of the TCPA, which provides a private right of action against "any person."

28. Defendants sent the faxes and/or are responsible, as a matter of law, for the actions of the individuals who sent the faxes.

29. AHC's and HCAP's products and services were advertised in the faxes, and Defendants derived an economic benefit from the transmission of the faxes.

30. Plaintiff had no prior relationship with Defendants and did not consent to the receipt of the above-referenced (or any) fax advertisements from Defendants.

31. On information and belief, the faxes attached as Exhibits A-B were transmitted as part of mass broadcastings, or "blasts," of faxes.

32. There is no reasonable means by which Plaintiff and Class members can avoid receiving unsolicited and unlawful faxes.

## V.    CLASS ALLEGATIONS

33. Plaintiff brings Count I, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

**Unsolicited Fax Class ("Class One")**
All individuals or entities in the United States who received one or more unsolicited facsimile advertisements from or on behalf of

        Defendants American Healthcare Capital and Healthcare Advisory Partners, Inc.

Excluded from Class One are Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from Class One; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

34. Plaintiff brings Count II, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

**Opt-out Notice Class ("Class Two")**
All individuals or entities in the United States who received one or more facsimile advertisements from or on behalf of Defendants American Healthcare Capital and Healthcare Advisory Partners, Inc. with opt-out notices that do not comply with 47 U.S.C. § 227(b)(2)(D).

Excluded from Class Two are Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from Class Two; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

35. "Class members" or "the Class" refer to both Class One and Class Two, unless otherwise stated.

36. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of its claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

37. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers and recipients who have been damaged by Defendants' wrongful conduct as alleged herein. The precise number of Class members and

their addresses is presently unknown to Plaintiff, but may be ascertained from Defendants' books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

38. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   a. whether Defendants engaged in a pattern of sending unsolicited fax advertisements as alleged herein;

   b. the manner in which Defendants compiled or obtained their list of fax numbers;

   c. whether Defendants violated the TCPA;

   d. whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

   e. whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

   f. whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

39. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

40. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because its interests do not conflict with the interests of the other Class members it seeks to represent; it has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute

this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and its counsel.

41. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

42. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## V. CLAIMS ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On Behalf of Class One)

43. Plaintiff incorporates by reference paragraphs 1-42 as if fully set forth herein.

44. Defendants and/or their agents used a telephone facsimile machine, computer or other device to send unsolicited advertisements to a telephone facsimile machine, in violation of the TCPA, 47 U.S.C. §227(b)(l)(C).

45. On information and belief, these unsolicited advertisements were transmitted *en masse* without the prior express consent of Plaintiff and Class One.

46. As a result of Defendants' unlawful conduct, Plaintiff and Class One suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such a violation, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

## **COUNT II**
### **Insufficient Opt-out Notices in Violation of the TCPA, 47 U.S.C. § 227(b)(2)(D)**
### **(On Behalf of Class Two)**

47. Plaintiff incorporates by reference paragraphs 1-42 as if fully set forth herein.

48. Defendants' faxes fail to satisfy all of the opt-out notice requirements under § 227(b)(2)(D). Namely, the opt-out notices do not:

   a. Appear clearly and conspicuously on the first page of the faxes, as required by § 227 (b)(2)(D)(i);

   b. State that the sender's failure to comply with an opt-out request within the shortest time reasonable is unlawful, as required by § 227(b)(2)(D)(ii);

   c. Set forth the elements of a valid opt-out request, as required by § 227(b)(2)(D)(iii); and

   d. Include a domestic fax number for the recipient to submit an opt-out request, as required by § 227(b)(2)(D)(iv)(I);

49. As a result of Defendants' unlawful conduct, Plaintiff and Class Two suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from

such violations, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

## VI. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff AL And PO Corporation, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A. Certifying the Class as defined above, appointing Plaintiff AL And PO Corporation as the representative of the Class, and appointing its counsel as Class Counsel;

B. Awarding actual and statutory damages;

C. Enjoining Defendants from sending unsolicited facsimile advertisements with deficient opt-out notices;

D. Awarding of reasonable attorneys' fees and costs; and

E. Awarding such other and further relief that the Court deems reasonable and just.

Dated: March 18, 2014

Respectfully submitted,

AL AND PO CORPORATION, individually and on behalf of all others similarly situated

By:_____
One of the Attorneys for Plaintiff
And the Proposed Putative Class

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.470.6588

4837-5849-4999, v. 1